```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


JANE NOE,                       )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 2:08 cv 227
                                )
JENNIFER CARLOS, TERESA PAVY,   )
SUSANNE FREISE, PORTER-STARKE   )
SERVICES, GAIL BROWN, and       )
PORTER MEMORIAL HOSPITAL,       )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Seal, Strike Name, and File Under Pseudonym filed by the plaintiff on August 7, 2008. For the reasons set forth below, the motion is **DENIED**.

Background

In her complaint, the plaintiff, proceeding under the pseudonym, Jane Noe, alleged that she was detained pursuant to Indiana Code §12-26-4-1, which provides that "A law enforcement officer, having reasonable grounds to believe that an individual has a mental illness, is dangerous, and is in immediate need of hospitalization and treatment, may . . . [a]pprehend and transport the individual to the nearest appropriate facility."

Noe also alleged that she was detained at Porter-Starke Services, a private mental health facility, pursuant to the emergency detention provisions of Indiana Code §12-26-5-1, which

provides for up to 72 hours of detention of an individual who "may be mentally ill and either dangerous or gravely disabled." Indiana Code §12-26-5-1(b). Her complaint alleges a series of constitutional violations that include being held beyond the 72 hours provided for by statute, being forced to undress for a physical examination, being forced into a teleconference with her parents, and being denied an initial examination with the staff psychiatrist until after 24 hours had passed.

With this motion, the plaintiff seeks to file this matter under a pseudonym, seal the complaint and "preliminary documents," and redact her name from future filings.

## Discussion

The use of pseudonyms is disfavored. ***Doe v. Sheriff of Dupage County***, 128 F.3d 586, 587 (7th Cir. 1997)("We hope we will not see too many more John or Jane Does in the future."); ***Coe v. County of Cook***, 162 F.3d 491, 498 (7th Cir. 1998); ***Doe v. City of Chicago***, 360 F.3d 667, 669 (7th Cir. 2004)(refusing to permit anonymous filing when the plaintiff was not "a minor, a rape or torture victim . . . a closeted homosexual or - so far as appears - a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing."); ***Doe v. Smith***, 429 F.3d 706, 710 (7th Cir. 2005). "The fact that a case involves a medical issue is not sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." ***Doe v. Blue Cross & Blue Shield United of Wisconsin***, 112 F.3d 869,

872 (7th Cir. 1997)(noting that individual medical records could be filed pursuant to a protective order.). "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *City of Chicago*, 360 F.3d at 669.

In this instance, the plaintiff has provided very little to rebut this presumption. She stated that "public access to plaintiff's personal health information contained in the complaint and future court material would harm Plaintiff's reputation among colleagues and jeopardize her career advancement." (Plaintiff's Motion, ¶ 5) This is an insufficient basis to permit an anonymous filing or the sealing of a complaint (or "preliminary documents," though the plaintiff is not clear what is reached by this phrase). In addition, the court notes that less drastic means are available for more specific protection of information. *See e.g. Doe v. Blue Cross*, 112 F.3d at 872 ("Should 'John Doe's' psychiatric record contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal.").

---

For the foregoing reasons, the Motion to Seal, Strike Name, and File Under Pseudonym filed by the plaintiff on August 7, 2008, is **DENIED**. The plaintiff is **DIRECTED** to file an amended

3

complaint consistent with this order and the requirement of Federal Rule of Civil Procedure 10(a) within 20 days of the entry of this order.

ENTERED this 25th day of September, 2008

s/ ANDREW P. RODOVICH
  United States Magistrate Judge