UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JANE NOE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 2:08 CV 227 |
| | ) |
| JENNIFER CARLOS, TERESA PAVY, | ) |
| SUSANNE FREISE, PORTER-STARKE | ) |
| SERVICES, GAIL BROWN, and | ) |
| PORTER MEMORIAL HOSPITAL | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Reconsider Order Denying Motion to Proceed Under a Pseudonym and Motion to Seal Original Motion [DE 17] filed by the plaintiff, Jane Noe, on October 15, 2008. For the reasons set forth below, the motion is **DENIED.**

Background

Proceeding under a pseudonym, the plaintiff filed her 12 count complaint arising from her detention pursuant to Indiana Code §12-26-4-1. The Code provides that "[a] law enforcement officer, having reasonable grounds to believe that an individual has a mental illness, is dangerous, and is in immediate need of hospitalization and treatment, may . . . apprehend and transport the individual to the nearest appropriate facility." I.C. §12-26-4-1. Once at an appropriate facility, Indiana Code §12-26-5-1 provides for detention for "not more than seventy-two (72) hours" of an individual who "may be mentally ill and either dangerous or gravely disabled." I.C. §12-26-5-1(a)-(b). Noe alleges that she

was detained beyond the 72 hour limit, was forced to undress for a physical examination, was forced to teleconference with her parents, and was denied an initial examination with the staff psychiatrist until after 24 hours had passed.

Contemporaneous to filing her complaint, Noe filed a Motion to Seal, Strike Name, and File Under Pseudonym, which was denied by this court in its Opinion and Order of September 25, 2008. In that Order, the plaintiff was directed to file an amended complaint without a pseudonym within 20 days. On September 30, 2008, the plaintiff filed an amended complaint which included an additional count and several pages of additional text, but still using the pseudonym. This court's Order of October 1, 2008, directed the Clerk to strike the non-compliant docket entry and again directed the plaintiff to file an amended complaint without a pseudonym within ten days, warning that failure to comply would result in dismissal.

On October 15, 2008, the plaintiff filed the Motion to Reconsider. Two weeks after the defendants responded to that motion, the defendants filed a Supplemental Response in Opposition to Plaintiff's Motion to Reconsider [DE 20] which included evidence that the plaintiff was conducting a form of discovery into this matter under the guise of an educational survey. (Defs. Ex. A) The defendants maintain that the plaintiff, an attorney acting pro se here, has used the pseudonym in an unfair manner by contacting physician employees in an effort to gather information which may be imputed to the defendants.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also* *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828

*See also* *Oto v. Metropolitan Life Insurance Company,* 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *LB Credit Corporation v. Resolution Trust Corporation*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation

3

of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

The court is reluctant to consider Noe's use of a pseudonym for a third time. This court's order of September 25, 2008, discussed the applicability of retaliation and medical privacy. Because Noe is not in an employment relationship with the defendants, her caselaw supporting anonymity to protect her from retaliation does not apply. Likewise, Noe's concerns that her medical records become public were addressed, and the court offered "less drastic means" to protect her confidential records through court ordered seal of such documents.[1] (DE 13, Opinion and Order, p. 3)

Noe now argues that anonymity is required to protect a plaintiff from injury, including public ridicule or embarrassment. Caselaw cited by Noe involves the protection of government witnesses in a criminal context and is not applicable here. *See U.S. v. Doe*, 655 F.2d 920 (9th Cir. 1981)(urging need for protective anonymity of a government witness)(cited in Pltf. Brief in Support, p. 6). Much more on point is *S. Methodist Univ. Assoc. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979), where female attorney plaintiffs requested and were denied

---

[1] Noe's argument that HIPAA regulations should protect her privacy here are misplaced. By choosing to file a civil suit, it is she who is in control. Thus, the regulations' goal that "individuals should have some right to control personal and sensitive information about themselves" is not impeded by the court's refusal to grant Noe the use of her pseudonym. Her medical records meant to be protected by HIPAA remain protected and can be sealed if necessary as the cause of action goes forward.

4

anonymity after arguing that identification would leave them vulnerable to retaliation from current employers and bar members and that they would suffer embarrassment, annoyance, and economic loss if refused anonymity. Without finding "a compelling need to protect privacy in a very private matter," the Fifth Circuit denied the plaintiffs' request to proceed anonymously. *Id.* at 713.

Factors considered by a court in determining whether a plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants are:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.
>
> ***Doe v. Indiana Black Expo, Inc.***, 923 F.Supp. 137, 140 (S.D. Ind. 1996).

Here, Noe has filed suit against private actors only, charging that their behavior in the application of Indiana statute was unconstitutional and improper. No governmental activity is challenged. Though Noe's name would be listed on the court's docket, her medical records containing private information can be filed under seal, and disclosure of that information will not be required. Noe's complaint does not involve her admission or

5

intention to engage in illegal conduct risking criminal prosecution.[2] As discussed above, the type of injury that Noe may suffer, including embarrassment and ridicule, does not rise to the level of injury which weighs in favor of anonymity.  Finally, she is under no threat of physical injury based upon the facts of this case.

Finally, prejudice against the defendants here is evident. "[A]nonymity is a shield from the tyranny of the majority." *McIntyre v. Ohio Elections Com'n*, 514 U.S. 334, 357, 115 S.Ct. 1511, 1524, 131 L.Ed.2d 426 (1995)(Stevens, J.)(referring to the right to anonymous speech).  Noe has demonstrated a marked lack of good judgment in sending surveys which explore the application of the Indiana Code under which she was detained to physicians working for the defendants.  She has made serious accusations against the defendants in a publicly filed complaint which includes their names in the caption.  "The [defendants] have no lesser interests in their reputations than plaintiff, yet she has shown no solicitude for their privacy, and they were not afforded an opportunity to seek to have their names withheld from the public." *Doe v. City of New York*, 201 F.R.D. 100, 102 (S.D.N.Y. 2001).  By her ex parte communications, Noe has shown the precise prejudice that use of a pseudonym here would permit.

---

[2] Noe's subsequent contacts with physicians employed by Porter-Starke under the guise of "Psychological Research" strongly suggest improper ex parte contact with unrepresented persons whose answers could be imputed to the defendant.  However, this action taken after the court's denial of anonymity cannot be equated with the factor discussed here.  The factor implicates revelation of unlawful conduct which risks criminal prosecution, not disbarment under the Rules of Professional Conduct.

6

The factors weigh heavily against Noe's privacy interests. Noe has failed to rebut the presumption favoring for public disclosure of parties.  For the third and final time, the court instructs the plaintiff to file an amended complaint under her true name and consistent with the rules, or her case will be dismissed.

_____

For the foregoing reasons, the Motion to Reconsider Order Denying Motion to Proceed Under a Pseudonym [DE 17] filed by the plaintiff, Jane Noe, on October 15, 2008, is **DENIED**.  The plaintiff is granted until December 5, 2008, to file an amended complaint without a pseudonym.  Any other motion or filing in this cause of action will be stricken.  Failure to comply with this order will result in dismissal.

ENTERED this 26th day of November, 2008

s/ Andrew P. Rodovich
United States Magistrate Judge